IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

MARK WAYNE SILVERS,

                    Petitioner

            VS.                                    NO.  3:06-CV-74 (CDL)

VICTOR WALKER, Warden,
                                                   Proceedings Under 28 U.S.C. §2254
                    Respondent                     Before the U.S. Magistrate Judge

---

## RECOMMENDATION

Petitioner Mark Wayne Silvers has filed a petition seeking federal habeas corpus relief.  Tab #1.  He has sued Victor Walker, Warden of the Augusta State Medical Prison, alleging three grounds that he claims entitle him to federal habeas corpus relief.  Respondent Walker has filed an answer/response to the petition. Tab #12.  After careful consideration, the undersigned recommends that the petition be **DENIED**.

### I. Procedural History

During the August 2001 term of court, the grand jury of Hart County, Georgia  returned a true bill of indictment against Anthony O'Neal Adams, Charles Vernon Gray, Douglas M. Roebuck, and petitioner Mark Wayne Silvers.  Petitioner Silvers was charged with malice murder (count 1), felony murder (counts 2-4), armed robbery (counts 5-8), aggravated assault (counts 9-16), and burglary (count 17).  He appeared with counsel in the Superior Court of Hart County on April 8, 2002, for a trial by jury.  On April 10, 2002, the jury returned verdicts of guilty against the petitioner on each count of the indictment.  Thereafter, the trial court sentenced him to life in prison on count 1, 5 years on count 5 consecutive to count 1, 20 years each on counts 6 and 7 concurrent with count 5, 20 years each on counts 10-16 concurrent with count 5, and 20 years on count 17 concurrent with count 5. The trial court merged counts 2-4, 8, and 9 with count 1.

Petitioner Silvers filed a direct appeal in the Georgia Supreme Court; however, the Supreme Court found no error and affirmed his convictions and sentences. See *Silvers v. State*, 278 Ga. 45, 597 S.E.2d 373 (2004). He next filed a state habeas corpus action challenging his Hart County convictions. Following evidentiary hearings on March 18, 2005, and June 28, 2005, the state habeas corpus court denied relief in an order filed July 11, 2005. The petitioner filed an application for a certificate of probable cause to appeal which was denied by the Georgia Supreme Court on May 23, 2006. On or about August 23, 2006, Silvers executed the instant petition.

## II. Factual Background

In its decision on the petitioner's direct appeal, the Georgia Supreme Court recited the following findings of fact:

> Silvers used his car to transport the other three named in the indictment to and from the scene of the crimes. He waited in the vehicle while two of them donned masks, entered the victims' trailer, fired shots, and demanded money. Three of the eight occupants of the trailer were robbed of money and four were shot, one of them fatally. After his arrest, Silvers wrote a letter to the sheriff in which he claimed that he was forced to participate, and that the others had threatened him and his family. However, one of the three alleged co-conspirators was a witness for the prosecution, and he testified that Silvers was a willing participant in the events.

*Silvers,* 278 Ga. at 45-46.

## III. Legal Standards

Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may not grant relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See Williams v. Taylor*, 529 U.S. 362, 402-13 (2000).

Moreover, this Court shall presume that determinations of a factual issues made by a state court are correct absent clear and convincing evidence to the contrary. Finally, the undersigned notes that if the petitioner has failed to develop the factual basis of his claims in state court proceedings, this Court will not hold an evidentiary hearing on the claim unless the petitioner shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

## IV. Discussion

Ground One of the petition alleges "plain error" on the part of the trial court. In support of this assertion, petitioner Silvers states only that his "Constitutional Rights, State, and Federal, to a Full, Fair, and Impartial Trial by Jury, and To have his Guilt or Innocence Determined by an Impartial Jury, Was Infringed upon and Were violated by The Trial Courts Expression."

Ground Two of the petition alleges an abuse of discretion by the state habeas corpus court. In support of this ground, petitioner Silvers claims that a state habeas corpus court allowed a "trial court issue to be brought and left unresolved within its venue before making a ruling." The issue, according to the petitioner, was the habeas corpus court's decision to allow evidence relating to the "correctness of trial transcripts" to be introduced in a hearing not held in the trial court. Petitioner Silver concludes that this decision somehow constitutes abuse of discretion based upon his understanding that the trial court has the "sole power, jurisdiction, and authority over matters relating to the correctness of [the] record or trial transcripts."

Ground Three of the petition alleges a due process violation by the state habeas corpus court. Petitioner Silvers' stated arguments in support of this ground are essentially identical to those listed in support of Ground Two above.

3

By way of requested relief, petitioner Silvers avers that he is entitled to an order in equity. Specifically, he seeks an order requiring the trial court to hold a hearing "concerning the matter of the correctness of his trial transcript."

In his Amended Petition, Silvers avers that Ground One and Ground Two above "fall within the ambit of the Due Process Clause of the Sixth Amendment of the Constitution." Tab #5. He goes on to state that "the remedial process he was entitled to by state law was not procedurally adhered to by the [state] habeas court, nor did the state supreme court correct the judicial error(s)." Finally, petitioner Silvers repeats his statements about the alleged impropriety of a state habeas corpus court hearing matters related to the accuracy of trial transcripts, and renews his request for equitable relief.

Having reviewed the foregoing petition as amended, as well as the response filed thereto by respondent Walker, it is patently obvious that petitioner Silvers has failed to state a claim for which federal habeas corpus relief may be granted. This conclusion is evinced by the fact that the petitioner's stated grounds are insufficient to or fail to raise a federal question, are insufficiently supported by his pleadings, are ambiguous, or are improper in the sense that they allege infirmities in state habeas corpus proceedings. Given the obviously deficient nature of the petition and relief sought, and in the interest of judicial efficiency, more detailed analysis does not appear to be necessary.

Accordingly, IT IS RECOMMENDED that the petition of Mark Wayne Silvers for relief under the provisions of 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.

SO RECOMMENDED, this 2nd day of SEPTEMBER, 2009.


CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

4